1  RAMIRO MORALES, SBN 167947
   CHRISTINE M. FIERRO, SBN 191660
2  RICHARD A. EGGERTH, SBN 99625
   MORALES, FIERRO & REEVES
3  2300 Contra Costa Blvd., Ste. 310
   Pleasant Hill, California 94523
4  Telephone: (925) 288-1776

5  Attorneys for Plaintiff
   HDI-GERLING AMERICA INSURANCE COMPANY

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  HDI-GERLING AMERICA INSURANCE      )  CASE NO.
    COMPANY, a New York Corporation,   )
11                                     )
                                       )  **COMPLAINT FOR**
12        Plaintiff,                   )  **DECLARATORY RELIEF AND**
    vs.                                )  **CONTRIBUTION**
                                       )  (DEMAND FOR JURY TRIAL)
13  HOMESTEAD INSURANCE COMPANY,       )
    an Pennsylvania Corporation; GREAT )
14  AMERICAN E&S INSURANCE             )
    COMPANY, an Ohio Corporation, formerly )
15  known as AGRICULTURAL EXCESS AND   )
    SURPLUS INSURANCE COMPANY, and     )
16  DOES 1-10,                         )
                                       )
17        Defendants.                  )
                                       )
18  ─────────────────────────────────

19

20      Plaintiff, HDI-Gerling America Insurance Company ("Gerling"), alleges as follows:

21                  **JURISDICTION AND VENUE**

22      1.    At all times relevant herein, Gerling was and is an insurance company organized

23  under and by virtue of the laws of the State of New York, authorized to conduct business as an

24  insurer in the State of California. Gerling is a resident of and incorporated in New York and has its

25  principal place of business in New York.

26      2.    Gerling is informed and believes, and on that basis alleges, that Defendant

27  Homestead Insurance Company (hereinafter "Homestead") was and is an insurance company

28  organized under and by virtue of the laws of the State of Pennsylvania, conducting business as an

    insurer in the State of California. Gerling is informed and believes, and on that basis alleges, that

1   Homestead is a resident of and incorporated in Pennsylvania and has its principal place of business
2   in Pennsylvania.

3       3.      Gerling is informed and believes, and on that basis alleges, that Defendant
4   Agricultural Excess and Surplus Insurance Company (hereinafter, "Agricultural") underwent a name
5   change to Great American E&S Insurance Company on or about July 27, 2000. Both entities are
6   referred to hereinafter as "Great American." Gerling is informed and believes, and on that basis
7   alleges, that Great American was and is an insurance company organized under and by virtue of the
8   laws of the State of Delaware, conducting business as an insurer in the state of California. Gerling
9   is informed and believes, and on that basis alleges, that Great American is a resident of Delaware,
10  and has its principal place of business in Ohio.

11      4.      The matter in controversy between Gerling and the Defendants, exclusive of interest
12  and costs, exceeds seventy-five thousand dollars. Gerling is also seeking declaratory relief. Gerling
13  and Defendants are citizens of diverse jurisdictions. Accordingly, this matter is properly subject to
14  the jurisdiction of this Court under 28 United States Code sections 1332 and 2201.

15      5.      Venue of this matter is proper in the Northern District of California under 28 United
16  States Code section 1391(a) because the events giving rise to this coverage claim transpired in the
17  Northern District.

18                          **GENERAL ALLEGATIONS**

19      6.      This insurance coverage action arises from the construction defect actions entitled
20  *Emery Bay II Associates v. Devcon Construction Incorporated, et al.*, Alameda County Superior
21  Court Case Number RG04144077 (the "Emery Bay Action"), and *Chartwell HOA, et al. v. 44 Third*
22  *Street, Ltd. LP, et al.*, Santa Clara County Superior Court Case Number 1-03-CV-814851 (the
23  "Chartwell Action") (collectively "the Underlying Actions").

24      7.      At all time relevant herein, Jonce Thomas Construction Company, Inc. (hereinafter,
25  "Jonce"), was a licensed contractor in the business of building construction, whose primary place of
26  business is 3390 Seldon Court, Fremont, Alameda County, CA.

27      8.      Jonce was named as a defendant in the Underlying Actions and tendered its defense
28  and indemnity to various insurance companies, including Gerling.

2
GERLING'S DECLARATORY RELIEF AND CONTRIBUTION COMPLAINT

9.    Gerling's predecessor company, Gerling America Insurance Company, issued general

liability insurance, policy number 8020350GLP, effective June 30, 1995 through September 9, 1995

(hereinafter "the Gerling policy"), under which Jonce is an insured.

10.    Homestead issued policy number UL-03641, effective June 30, 1994 through June

30, 1995, policy number UL-04314, effective June 30, 1995 through June 30, 1996, policy number

UL-04935, effective June 30, 1996 through June 30, 1997, and policy number UL-05389, effective

June 30, 1997 through June 30, 1998 (hereinafter "the Homestead Policies"), under which Jonce is

an insured.

11.    The Homestead Policies are excess over "underlying insurance," as that term is

defined by the Homestead Policies. The Homestead Policies state:

> Coverage A Excess Liability Insurance (Following Form)
>
> Coverage A is excess insurance and follows the underlying insurance except as
> otherwise stated in this policy.
>
> 1.    We will pay those sums the insured must legally pay as damages because of
> bodily injury, property damage, personal injury, or advertising injury, caused
> by an occurrence which occurs during the policy period of this policy in
> excess of the sums payable as damages in the underlying insurance or would
> have been payable but for the exhaustion of the applicable limit of insurance.

12.    The Homestead Policies define "underlying insurance" as "the insurance policies

listed in Schedule A – Schedule of Underlying Insurance Policies, including any renewals or

replacements thereof which provide the underlying coverages and limits stated in Schedule A –

Schedule of Underlying Insurance Policies . . . ."

13.    Schedule A of Homestead policy number UL-03641 identifies commercial general

liability coverage issued by "United National" as "underlying insurance."

14.    Schedule A of Homestead policy number UL-04314 identifies commercial general

liability coverage issued by Gerling as "underlying insurance."

15.    Schedule A of Homestead policy number UL-04935 identifies commercial general

liability coverage issued by "AIG" as "underlying insurance."

16.    Schedule A of Homestead policy number UL-05389 identifies commercial general

liability coverage issued by "American Equity" as "underlying insurance."

1    17.    Commercial general liability coverage issued by United National to Jonce exhausted

2  the limits of coverage which would have otherwise been available to pay losses associated with the

3  Underlying Actions, prior to settlement of the Underlying Actions.

4    18.    Commercial general liability coverage issued by AIG to Jonce exhausted the limits of

5  coverage which would have otherwise been available to pay losses associated with the Underlying

6  Actions, prior to settlement of the Underlying Actions.

7    19.    Commercial general liability coverage issued by American Equity to Jonce exhausted

8  the limits of coverage which would have otherwise been available to pay losses associated with the

9  Underlying Actions, prior to settlement of the Underlying Actions.

10    20.    Agricultural issued policy number UMB 2703840, effective June 30, 1998 through

11  June 30, 1999, policy number UMB 2703840-01, effective June 30, 1999 through February 6, 2000,

12  and policy number UMB 2703840-02, effective February 6, 2000 through February 6, 2001, under

13  which Jonce is an insured. Great American issued policy number UMB 2703840-03, effective

14  February 6, 2001 through February 6, 2002, under which Jonce is an insured. Collectively, all these

15  policies are referred to hereinafter as the "Great American Policies."

16    21.    The Great American Policies are excess over a "Retained Limit," as that term is

17  defined in the policies. The policies state:

18        We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit"
          that the "insured" becomes legally obligated to pay by reason of liability imposed by
19        law or assumed by the "insured" under an "insured contract" because of "bodily
          injury," "property damage," "personal injury," or "advertising injury" that takes place
20        during the Policy Period and is caused by an "occurrence" happening anywhere.

21    22.    The Great American Policies define "Retained Limit" as:

22        the greater of: 1. the total amounts stated as the applicable limits of the underlying
          policies listed in the Schedule of Underlying Insurance and the applicable limits of
23        any other insurance providing coverage to the "Insured" during the Policy Period; or
          2. the amount stated in the Declarations as Self-Insured Retention as a result of any
24        one "occurrence" not covered by the underlying policies listed in the Schedule of
          Underlying Insurance nor by any other insurance providing coverage to the "Insured"
25        during the Policy Period.

26    23.    Agricultural policy number UMB 2703840 identifies commercial general liability

27  coverage issued by "New Market" in the Schedule of Underlying Insurance and states that $10,000

28  is the amount of the Retained Limit.

1    24.    Agricultural policy number UMB 2703840-01 identifies commercial general liability
2  coverage issued by "Newmarket Underwriters Insurance Company" (policy number NMG001027)
3  in the Schedule of Underlying Insurance and states that $10,000 is the amount of the Retained
4  Limit.

5    25.    Agricultural policy number UMB 2703840-02 identifies commercial general liability
6  coverage issued by "Lloyds of London" in the Schedule of Underlying Insurance and states that
7  $10,000 is the amount of the Retained Limit.

8    26.    Great American policy number UMB 2703840-03 identifies commercial general
9  liability coverage issued by "Lloyds of London" in the Schedule of Underlying Insurance and states
10  that $10,000 is the amount of the Retained Limit.

11    27.    Commercial general liability coverage issued by "New Market" and "Newmarket" to
12  Jonce exhausted the limits of coverage which would have otherwise been available to pay losses
13  associated with the Underlying Actions, prior to settlement of the Underlying Actions.

14    28.    Commercial general liability coverage issued by "Lloyds of London" to Jonce
15  exhausted the limits of coverage which would have otherwise been available to pay losses
16  associated with the Underlying Actions, prior to settlement of the Underlying Actions.

17    29.    Gerling is informed and believes, and on that basis alleges, that Jonce performed all
18  conditions giving rise to Homestead's obligation to defend and indemnify Jonce with regard to the
19  Underlying Actions. Alternatively, Jonce has been excused from performing any conditions giving
20  rise to Homestead's obligations under the Homestead Policies.

21    30.    In the Underlying Actions, the plaintiffs alleged that various defects in the
22  construction of the dwellings caused property damage during Homestead's and Great American's
23  respective policy periods.

24    31.    Gerling requested that, pursuant to the Homestead Policies, Homestead defend and
25  indemnify Jonce in the Chartwell Action.

26    32.    Homestead refused to defend and indemnify Jonce in the Chartwell Action, despite
27  its obligation to do so under the Homestead Policies, solely because Homestead alleged its four
28  years of coverage was excess to the single year coverage provided under the Gerling Policy.

5
GERLING'S DECLARATORY RELIEF AND CONTRIBUTION COMPLAINT

1    33.    Prior to settlement, Homestead demanded that Gerling settle the claims against Jonce

2    in the Chartwell Action, as Homestead alleged that the claims alleged in the Chartwell Action were

3    covered under the Gerling Policy and that all Homestead coverage was excess to the coverage

4    provided by Gerling.

5    34.    Due to an impending trial date and Homestead's repeated refusal to contribute

6    toward settlement, Gerling alone settled claims against Jonce in the Chartwell Action under a full

7    reservation of rights.  Gerling contributed $425,000 toward a settlement in the Chartwell Action on

8    behalf of Jonce, thereby resolving all claims against Jonce raised in that action.

9    35.    Gerling requested that, pursuant to the Homestead Policies, Homestead defend and

10    indemnify Jonce in the Emery Bay Action.

11    36.    Homestead refused to defend Jonce in the Emery Bay Action and contributed to the

12    settlement of the action only for amounts exceeding the remaining policy limits of the Gerling

13    Policy because Homestead alleged its four years of coverage was excess to the single year of

14    coverage provided under the Gerling policy.

15    37.    Homestead demanded that Gerling contribute the remainder of the applicable limits

16    of coverage under the Gerling Policy to resolve the claims against Jonce in the Emery Bay Action.

17    38.    The Emery Bay Action settled in or around September, 2006.  Under a full

18    reservation of rights, Gerling agreed to contribute, on behalf of Jonce, the remainder of its

19    applicable limits under the Gerling policy in order to resolve claims against Jonce in the Emery Bay

20    Action.  Accordingly, Gerling contributed $302,842 on behalf of Jonce.

21    39.    Gerling is informed and believes, and on that basis alleges, that Jonce performed all

22    conditions giving rise to Great American's obligation to defend and indemnify Jonce with regard to

23    the Underlying Actions.  Alternatively, Jonce has been excused from performing any conditions

24    giving rise to Great American's obligations under the Great American Policies.

25    40.    Gerling requested that, pursuant to the Great American Policies, Great American

26    defend and indemnify Jonce with regard to the Chartwell Action.

27    41.    Great American refused to defend and indemnify Jonce in the Chartwell Action,

28    despite its obligation to do so under the Great American Policies, solely because Great American

1 alleged its five years of coverage was excess to the single year of coverage provided under the
2 Gerling policy.

3     42.    Prior to settlement, Great American demanded that Gerling settle the claims against
4 Jonce in the Chartwell Action, as Great American alleged that the claims alleged in the Chartwell
5 Action were covered under the Gerling Policy and that the Great American coverage was excess to
6 the coverage provided by Gerling.

7     43.    Due to an impending trial date and Great American's repeated refusal to contribute
8 toward settlement, Gerling alone settled claims against Jonce in the Chartwell Action under a full
9 reservation of rights. Gerling contributed $425,000 toward a settlement in the Chartwell Action on
10 behalf of Jonce, thereby resolving all claims against Jonce raised in that action.

11     44.    Gerling requested that, pursuant to the Great American Policies, Great American
12 defend and indemnify Jonce in the Emery Bay Action.

13     45.    Great American refused to defend Jonce in the Emery Bay Action and contributed to
14 the settlement of the action only for amounts exceeding the remaining policy limits of the Gerling
15 policy because Great American alleged its five years of coverage was excess to the single year of
16 coverage provided under the Gerling policy.

17     46.    Homestead demanded that Gerling contribute the remainder of the applicable limits
18 of coverage under the Gerling Policy to resolve the claims against Jonce in the Emery Bay Action.

19     47.    The Emery Bay Action settled in or around September, 2006. Under a full
20 reservation of rights, Gerling agreed to contribute, on behalf of Jonce, the remainder of its
21 applicable limits under the Gerling policy in order to resolve claims against Jonce in the Emery Bay
22 Action. Accordingly, Gerling contributed $302,842 on behalf of Jonce. Great American demanded
23 Gerling contribute the remainder of the applicable limits of coverage under the Gerling Policy to
24 resolve the claims against Jonce in the Emery Bay Action.

25     48.    The Underlying Actions settled in late 2006, and Gerling defended Jonce and
26 indemnified Jonce for sums in relation to the settlement of the Underlying Actions, subject to a
27 reservation of rights.

28     49.    Homestead had an obligation to defend and indemnify Jonce in the Underlying

1   Actions pursuant to the Homestead Policies.

2       50.    Great American had an obligation to defend and indemnify Jonce in the Underlying

3   Actions pursuant to the Great American Policies.

4                              **INTRADISTRICT ASSIGNMENT**

5       51.    Gerling incorporates paragraphs 1-50 as though fully set forth herein.

6       52.    Pursuant to Northern District Local Rule 3-5, Gerling asserts the following bases for

7   assignment of this case to the Oakland Division in Alameda County.

8       53.    The insured in the insurance contracts at issue in this action, Jonce Thomas

9   Construction Company, has a mailing address and primary place of business in Alameda County.

10  Gerling is informed and believes that all of the insurance contracts at issue in this action were issued

11  to Jonce in Alameda County.  And one of the two Underlying Actions, the Emery Bay Action, was

12  venued in Alameda County Superior Court, and the acts, transactions and occurrences relating to

13  that action arose in Alameda County.

14                              **FIRST CAUSE OF ACTION**
                                **DECLARATORY RELIEF**
15                              **(Against HOMESTEAD)**

16      54.    Gerling incorporates paragraphs 1 through 53 as though fully set forth herein.

17      55.    Gerling contends that, pursuant to the terms, conditions, and endorsements of the

18  Homestead Policies, Homestead had an obligation to defend and indemnify Jonce in the Underlying

19  Actions.

20      56.    Gerling contends that, given Homestead's obligations to Jonce, Homestead has a

21  duty to reimburse Gerling for the sums Gerling has already incurred in providing Jonce with a

22  defense and indemnity with regard to the Underlying Actions.

23      57.    Gerling is informed and believes, and on that basis alleges, that Homestead denies

24  that it had a duty to defend Jonce in the Underlying Actions, denies that it had a duty to indemnify

25  Jonce in the Chartwell Action and denies that it had a duty to indemnify Jonce in the Emery Bay

26  Action except to the extent that the amount required to indemnify the loss exceeded the limits of the

27  Gerling Policy. Homestead believes it owes no duty to reimburse Gerling for sums Gerling has

28  incurred in defending and indemnifying Jonce with regard to the Underlying Actions.

1    58.   An actual, present and justiciable controversy has therefore arisen and now exists

2    between Gerling and Homestead concerning the parties' respective rights, duties, and obligations as

3    to the defense and indemnification of Jonce with regard to the Underlying Actions.

4    59.   A judicial determination of this controversy is necessary and appropriate in order for

5    the parties to ascertain their rights, duties and obligations.

6    WHEREFORE, Gerling prays for judgment as hereinafter set forth.

7
8
## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
## (Against GREAT AMERICAN)

9    60.   Gerling incorporates paragraphs 1 through 59 as though fully set forth herein.

10   61.   Gerling contends that, pursuant to the terms, conditions, and endorsements of the

11   Great American Policies, Great American had an obligation to defend and indemnify Jonce in

12   connection with the Underlying Actions.

13   62.   Gerling contends that, given Great American's obligations to Jonce, Great American

14   has a duty to reimburse Gerling for the sums Gerling has already incurred in providing Jonce with a

15   defense and indemnity with regard to the Underlying Actions.

16   63.   Gerling is informed and believes, and on that basis alleges, that Great American

17   denies that it had a duty to defend Jonce in the Underlying Actions, denies that it had a duty to

18   indemnify Jonce in the Chartwell Action and denies that it had a duty to indemnify Jonce in the

19   Emery Bay Action except to the extent that the amount required to indemnify the loss exceeded the

20   limits of the Gerling Policy. Great American believes it owes no duty to reimburse Gerling for sums

21   Gerling has incurred in defending and indemnifying Jonce with regard to the Underlying Actions.

22   64.   An actual, present and justiciable controversy has therefore arisen and now exists

23   between Gerling and Great American concerning the parties' respective rights, duties, and

24   obligations as to the defense and indemnification of Jonce with regard to the Underlying Actions.

25   65.   A judicial determination of this controversy is necessary and appropriate in order for

26   the parties to ascertain their rights, duties and obligations.

27   WHEREFORE, Gerling prays for judgment as hereinafter set forth.

28

1
2

### THIRD CAUSE OF ACTION
### CONTRIBUTION
### (Against HOMESTEAD)

3    66.    Gerling incorporates paragraph 1 through 65 as though fully set forth herein.

4    67.    Under the Homestead policies, Homestead owed Jonce a duty to defend and
5  indemnify it with regard to the Underlying Actions.  In light of this duty, Homestead owes an
6  equitable duty to contribute to those sums Gerling incurred in defending and indemnifying Jonce
7  with regard to the Underlying Actions.

8    68.    Homestead breached its duty to defend and indemnify Jonce by failing to contribute
9  its equitable share toward the defense and indemnity of Jonce with regard to the Underlying
10  Actions.

11    69.    As a result of the conduct of Homestead, Gerling was forced to incur sums in excess
12  of its equitable share, all in excess of the jurisdictional limit of this Court.

13    WHEREFORE, Gerling prays for judgment as hereinafter set forth.

14
15

### FOURTH CAUSE OF ACTION
### CONTRIBUTION
### (Against GREAT AMERICAN)

16    70.    Gerling incorporates paragraph 1 through 69 as though fully set forth herein.

17    71.    Under the Great American policies, Great American owed Jonce a duty to defend and
18  indemnify it with regard to the Underlying Actions.  In light of this duty, Great American owes an
19  equitable duty to contribute to those sums Gerling incurred in defending and indemnifying Jonce
20  with regard to the Underlying Actions.

21    72.    Great American breached its duty to defend and indemnify Jonce by failing to
22  contribute its equitable share toward the defense and indemnity of Jonce with regard to the
23  Underlying Actions.

24    73.    As a result of the conduct of Great American, Gerling was forced to incur sums in
25  excess of its equitable share, all in excess of the jurisdictional limit of this Court.

26    WHEREFORE, Gerling prays for judgment as hereinafter set forth.

27
28

1                                    **PRAYER FOR RELIEF**

2           Gerling requests trial by jury, pursuant to Fed. R. Civ. P. 38(b). In addition, Gerling

3   requests:

4           As to the First Cause of Action for Declaratory Relief (Against Homestead):

5       1.      For a declaration and determination that Homestead owed a duty to defend Jonce in

6               the Underlying Actions;

7       2.      For a declaration and determination that Homestead owed a duty to indemnify Jonce

8               in the Chartwell Action;

9       3.      For a declaration and determination that Homestead owed a duty to indemnify Jonce

10              in the Emerybay Action prior to exhaustion of the Gerling policy;

11      4.      For a declaration that Homestead owes a duty to reimburse Gerling for sums Gerling

12              incurred in defending and indemnifying Jonce with regard to the Underlying Actions;

13      5.      For all other relief the Court deems just and proper.

14          As to the Second Cause of Action for Declaratory Relief (Against Great American):

15      1.      For a declaration and determination that Great American owed a duty to defend

16              Jonce in the Underlying Actions;

17      2.      For a declaration and determination that Great American owed a duty to indemnify

18              Jonce in the Chartwell Action;

19      3.      For a declaration and determination that Great American owed a duty to indemnify

20              Jonce in the Emerybay Action prior to exhaustion of the Gerling policy;

21      4.      For a declaration that Great American owes a duty to reimburse Gerling for sums

22              Gerling incurred in defending and indemnifying Jonce with regard to the Underlying

23              Actions;

24      5.      For all other relief the Court deems just and proper.

25          As to the Third Cause of Action for Contribution (Against Homestead):

26      1.      For compensatory damages in excess of $75,000 according to proof at trial;

27      2.      For an award of attorney's fees and costs; and

28      3.      For all other relief the Court deems just and proper.

---
                                                11
                GERLING'S DECLARATORY RELIEF AND CONTRIBUTION COMPLAINT

As to the Fourth Cause of Action for Contribution (Against Great American):

1.      For compensatory damages in excess of $75,000 according to proof at trial;

2.      For an award of attorney's fees and costs; and

3.      For all other relief the Court deems just and proper.

Dated: March 26, 2008                    MORALES, FIERRO & REEVES


By: _____
    Christine M. Fierro
    Attorneys for Plaintiff
    HDI-GERLING AMERICA INSURANCE
    COMPANY

S:\DOCS\GA5105\CMP070403.CMF.wpd

GERLING'S DECLARATORY RELIEF AND CONTRIBUTION COMPLAINT

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Gerling America Insurance Company

## DEFENDANTS

Homestead Insurance Company, Great American E&S Insurance Company, f/k/a Agricultural Excess and Surplus Insurance Company

**(b)** County of Residence of First Listed Plaintiff  Los Angeles County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Christine M. Fierro, Bar #191660; (925) 288-1776
Morales, Fierro & Reeves
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, CA 94523

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| | | | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 900Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | 26 USC 7609 | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332 and 2201

Brief description of cause:
Insurance contribution and declaratory relief

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION    DEMAND $
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
March ___, 2008

SIGNATURE OF ATTORNEY OF RECORD