RAMIRO MORALES, Bar No. 167947
CHRISTINE M. FIERRO, Bar No. 191660
RICHARD A. EGGERTH, Bar No. 99625
MORALES FIERRO & REEVES
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, CA 94523
Telephone: (925) 288-1776
Facsimile: (925) 288-1856

Attorneys for Plaintiff
HDI-GERLING AMERICA INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| HDI-GERLING AMERICAN INSURANCE COMPANY, a New York Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HOMESTEAD INSURANCE COMPANY, a Pennsylvania Corporation; GREAT AMERICAN E&S INSURANCE COMPANY, an Ohio Corporation, formerly known as AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, and DOES 1-10, <br><br> Defendants. | CASE NO.: CV08-1716 PJH <br><br> **HDI-GERLING AMERICAN INSURANCE COMPANY'S EVIDENTIARY OBJECTIONS TO MOTIONS TO DISMISS AND REPLIES OF HOMESTEAD INSURANCE COMPANY AND GREAT AMERICAN E&S INSURANCE COMPANY** <br><br> Date: July 9, 2008 <br> Time: 9:00 a.m. <br> Dept.: 3 (Honorable Phyllis J. Hamilton) |

## INTRODUCTION

Though defendants Homestead and Great America have both moved to dismiss under Rule 12(b)(6), which would normally preclude any consideration of evidence outside the pleadings, both defendants also seek to have the Court consider copies of insurance policies purportedly authenticated by declarations of defendants' employees. This forces Gerling to address the evidentiary shortcomings of said declarations, or waive the opportunity to ever do so. The objections herein are timely in that they have been made before or at the hearing, and so are not

1  waived. *See Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002); *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991).

This Court should not consider Homestead's and Great American's declarations, because of Gerling's evidentiary objections to the authenticity of those outside-the-pleadings policies. Because the authenticity is disputed, it is inappropriate to include the policies with a Rule 12(b)(6) motion to dismiss.

OBJECTIONS

I.    How Objections Apply To Defendants' Motions

Because Rule 12(b)(6) motions are disfavored and rarely granted (*see Gilligan v. Jamco Devt. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)), documents from outside the pleadings may be considered by the Court in only one circumstance applicable here: if no party questions the authenticity of the copies. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 n. 16 (11th Cir. 1999). Neither Homestead nor Great American dispute this. And because the authenticity of Homestead's and Great American's documents is disputed, the requirement for use of outside-the-pleadings policies is not met, and so the policies may not be considered.

II.   Evidentiary Standards For Declarations

Gerling's objections are due to defendants' failure to meet evidentiary standards for declarations. Both Homestead and Great American motions attest to policy authenticity by way of declarations. Homestead submits a second declaration with its reply to reiterate the original claims of authenticity, and to add purported "facts" as to why the policies are complete and accurate. *See* Court Docket Document no. 19, Second Declaration of Joanne Horak ("Second Horak Decl."), p. 2, ll. 12-19 (physically incorporating Ms. Horak's first declaration, Court Docket Document no. 8-2 ["First Horak Decl."]).

Authentication is achieved by evidence sufficient to sustain a finding that the item is what the proponent claims it is. Fed. R. Evid. 901. Evidence submitted by declaration must meet trial requirements of admissibility. *Travelers Cas'y & Sur'y Co. of America v. Telstar Const. Co., Inc.*,

252 F.Supp.2d 917, 922 (D. AZ 2003); *Beyenne v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181; Civil L.R. 7-5(b) (declarations may be stricken if do not contain only facts, do not conform to Fed. R. Civ. P. 56(e), and/or do not avoid conclusions and argument). An authenticity declaration must (1) be made on personal knowledge, (2) set forth facts admissible in evidence, and (3) show the declarant's competence to testify. Fed. R. Civ. P. 56(e)(1); Civil L.R. 7-5(b).

III.  Statement Of Objections

  A.  Horak Declarations

Ms. Horak's declarations fail all three requirements. She asserts that she has "personal knowledge of the facts stated in this declaration." That lacks foundation to establish personal knowledge, which must be shown by *facts*, not mere conclusions. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). She offers no facts as to her personal knowledge of the policies. She says she is a vice president (Second Horak Decl., p. 1, l. 24) and reviewed Homestead's "file for this case" (First Horak Decl., p. 2, l. 7). But of what is she a V.P.? Research? Human Resources? Finance? Those departments would not obviously give knowledge as to the authenticity of policies. Even if a she is a V.P. of claims or underwriting, without explaining how her job put her in a position to know the authenticity of the policies and files she reviewed, and that she did indeed know that they were complete or accurate, she cannot demonstrate personal knowledge. Mere review of an unknown file does not give ability to confirm policy authenticity.

The declarations also fail to set forth admissible facts. The aforementioned failure to lay a foundation for Ms. Horak's personal knowledge is based on lack of admissible facts. And the second declaration's assertion that "[i]n the normal course of business" any policy modifications would be in the policy file also fails to set forth admissible facts. (Second Horak Decl., p. 2, ll. 12-14.) There are no admissible facts as to her personal knowledge of "the normal course of business," how she personally knows that policy modifications would be in the policy file, or that they would be nowhere else. If her testimony is based on what she learned from another, then of course that would be hearsay, which is entitled to no weight in declarations. *Scosche Ind's, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997).

1   She also fails to establish that she reviewed the policy file, or that the policy file is the "file
2   for this case" that her first declaration says she did review. And she finishes with an unsupported
3   conclusion that because there are no modifying agreements in the file the policies are authentic.
4   Second Horak Decl., p. 2, ll. 17-19.

5   None of these statements rely on facts. Because of these foundational and factual
6   deficiencies in and leading up to these statements, they are nothing more than opinion, not fact.

7   These problems also show how the third requirement for authenticity declarations is not met,
8   because these foundational and factual gaps prevent any conclusion that Ms. Horak is competent to
9   testify to these matters.

10      B.   Curci Declaration

11   The Declaration of Frank Curci supporting Great America's motion is also deficient. Again,
12   his statements that he is a Claim Director and has "personal knowledge of the facts" are insufficient
13   to establish that the policies attached are true and correct. How does that position give him personal
14   knowledge of the policies? How is that position involved at all in obtaining and certifying copies of
15   policies? Merely being involved in claims is not, in and of itself, a link to the custodianship of
16   policies. His declaration fails to provide facts as to what a "certified copy" means, or how a
17   "certified copy" is prepared, or how such preparation assures truth and accuracy. The fact that the
18   stamped certification statement on the face of the policies is signed by someone else indicates that
19   whatever Mr. Curci says about policy authenticity is based on what others know or have told him.
20   This is hearsay (out-of-court statement offered for truth of the matter stated) and so inadmissible.

21   DATED: July 7, 2008                    MORALES, FIERRO & REEVES

23                                          By: /s/ Richard A. Eggerth
                                            Richard A. Eggerth
24                                          Attorneys for Plaintiff
25                                          HDI-GERLING AMERICA INSURANCE
                                            COMPANY

S:\Docs\GA5105\OBJ080707.rae.doc