Howard Wollitz [SBN: 58674]
CHARLSTON, REVICH & WOLLITZ LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067-2746
Telephone:   (310) 551-7000
Facsimile:    (310) 203-9321
E-Mail:        hwollitz@crwllp.com

Attorneys for Defendant,
Homestead Insurance Company

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| HDI-GERLING AMERICA INSURANCE COMPANY, a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOMESTEAD INSURANCE COMPANY, a Pennsylvania Corporation; GREAT AMERICAN B&S INSURANCE COMPANY, an Ohio Corporation, formerly known as AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY; and DOES 1-10,<br><br>Defendants. | Case No. CV 08-1716 PJH<br><br>**HOMESTEAD INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

Defendant, Homestead Insurance Company ("Homestead"), answers the complaint by Plaintiff HDI-Gerling American Insurance Company ("Gerling") as follows:

1.   In response to paragraph 1 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

2.   In response to paragraph 2 of the complaint, Homestead admits each and every allegation.

3.      In response to paragraph 3 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

4.      In response to paragraph 4 of the complaint, Homestead admits each and every allegation for jurisdictional purposes only.

5.      In response to paragraph 5 of the complaint, Homestead admits each and every allegation for jurisdictional purposes only.

## GENERAL ALLEGATIONS

6.      In response to paragraph 6 of the complaint, Homestead admits each and every allegation.

7.      In response to paragraph 7 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

8.      In response to paragraph 8 of the complaint, Homestead admits each and every allegation.

9.      In response to paragraph 9 of the complaint, Homestead admits each and every allegation.

10.     In response to paragraph 10 of the complaint, Homestead admits each and every allegation.

11.     In response to paragraph 11 of the complaint, Homestead admits that Gerling has accurately quoted the wording of the Homestead Policies, but denies each and every other allegation contained therein.

12.     In response to paragraph 12 of the complaint, Homestead admits each and every allegation.

13.     In response to paragraph 13 of the complaint, Homestead admits each and every allegation.

14.     In response to paragraph 14 of the complaint, Homestead admits each and every allegation.

15. In response to paragraph 15 of the complaint, Homestead admits each and every allegation.

16. In response to paragraph 16 of the complaint, Homestead admits each and every allegation.

17. In response to paragraph 17 of the complaint, Homestead admits each and every allegation.

18. In response to paragraph 18 of the complaint, Homestead admits each and every allegation.

19. In response to paragraph 19 of the complaint, Homestead admits each and every allegation.

20. In response to paragraph 20 of the complaint, Homestead admits each and every allegation.

21. In response to paragraph 21 of the complaint, Homestead admits each and every allegation.

22. In response to paragraph 22 of the complaint, Homestead admits each and every allegation.

23. In response to paragraph 23 of the complaint, Homestead admits each and every allegation.

24. In response to paragraph 24 of the complaint, Homestead admits each and every allegation.

25. In response to paragraph 25 of the complaint, Homestead admits each and every allegation.

26. In response to paragraph 26 of the complaint, Homestead admits each and every allegation.

27. In response to paragraph 27 of the complaint, Homestead admits each and every allegation.

28. In response to paragraph 28 of the complaint, Homestead admits each and every allegation.

29. In response to paragraph 29 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

30. In response to paragraph 30 of the complaint, Homestead admits each and every allegation.

31. In response to paragraph 31 of the complaint, Homestead admits each and every allegation.

32. In response to paragraph 32 of the complaint, Homestead admits that it refused to defend and indemnify Jonce in the *Chartwell* Action, but denies each and every other allegation contained therein.

33. In response to paragraph 33 of the complaint, Homestead denies each and every allegation.

34. In response to paragraph 34 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

35. In response to paragraph 35 of the complaint, Homestead admits each and every allegation.

36. In response to paragraph 36 of the complaint, Homestead admits that it refused to defend Jonce in the *Emery Bay* Action and contributed to the settlement of the action only for amounts exceeding the remaining policy limits of the Gerling Policy, but denies each and every other allegation contained therein.

37. In response to paragraph 37 of the complaint, Homestead denies each and every allegation.

38. In response to paragraph 38 of the complaint, Homestead admits each and every allegation.

39. In response to paragraph 39 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

40. In response to paragraph 40 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

41. In response to paragraph 41 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

42. In response to paragraph 42 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

43. In response to paragraph 43 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

44. In response to paragraph 44 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

45. In response to paragraph 45 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

46. In response to paragraph 46 of the complaint, Homestead denies each and every allegation.

47. In response to paragraph 47 of the complaint, Homestead is without sufficient knowledge or information to form a belief as to the truth of each and every allegation, and on that basis, denies each and every allegation.

48. In response to paragraph 48 of the complaint, Homestead admits each and every allegation.

49. In response to paragraph 49 of the complaint, Homestead denies each and every allegation.

///

1  50. In response to paragraph 50 of the complaint, Homestead is without sufficient
2  knowledge or information to form a belief as to the truth of each and every allegation, and on
3  that basis, denies each and every allegation.

## INTRADISTRICT ASSIGNMENT

5  51. In response to paragraph 51 of the complaint, Homestead incorporates by
6  reference each and every response from the above paragraphs, 1-50, inclusive.
7  52. In response to paragraph 52 of the complaint, Homestead admits each and
8  every allegation for jurisdictional purposes only.
9  53. In response to paragraph 53 of the complaint, Homestead admits each and
10 every allegation for jurisdictional purposes only.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF
## (Against HOMESTEAD)

14 54. In response to paragraph 54 of the complaint, Homestead incorporates by
15 reference each and every response from the above paragraphs, 1-53, inclusive.
16 55. In response to paragraph 55 of the complaint, Homestead admits that Gerling
17 contends that Homestead had an obligation to defend and indemnify Jonce in the Underlying
18 Actions. Each and every other allegation is denied.
19 56. In response to paragraph 56 of the complaint, Homestead admits that Gerling
20 contends that Homestead has a duty to reimburse Gerling for sums Gerling incurred in
21 providing Jonce with a defense and indemnity with regard to the Underlying Actions. Each
22 and every other allegation is denied.
23 57. In response to paragraph 57 of the complaint, Homestead admits each and
24 every allegation.
25 58. In response to paragraph 58 of the complaint, Homestead admits each and
26 every allegation for jurisdictional purposes only.
27 59. In response to paragraph 59 of the complaint, Homestead admits each and
28 every allegation.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against GREAT AMERICAN)

60. In response to paragraph 60 of the complaint, Homestead incorporates by reference each and every response from the above paragraphs, 1-59, inclusive.

61. In response to paragraph 61 of the complaint, Homestead need not either admit nor deny such allegations as this second claim for relief is not directed against Homestead.

62. In response to paragraph 62 of the complaint, Homestead need not either admit nor deny such allegations as this second claim for relief is not directed against Homestead.

63. In response to paragraph 63 of the complaint, Homestead need not either admit nor deny such allegations as this second claim for relief is not directed against Homestead.

64. In response to paragraph 64 of the complaint, Homestead need not either admit nor deny such allegations as this second claim for relief is not directed against Homestead.

65. In response to paragraph 65 of the complaint, Homestead need not either admit nor deny such allegations as this second claim for relief is not directed against Homestead.

## THIRD CAUSE OF ACTION

## CONTRIBUTION

### (Against HOMESTEAD)

66  In response to paragraph 60 of the complaint, Homestead incorporates by reference each and every response from the above paragraphs, 1-65, inclusive.

67. In response to paragraph 67 of the complaint, Homestead denies each and every allegation.

68. In response to paragraph 68 of the complaint, Homestead denies each and every allegation.

69. In response to paragraph 69 of the complaint, Homestead denies each and every allegation.

///

///

## FOURTH CAUSE OF ACTION

## CONTRIBUTION

### (Against GREAT AMERICAN)

70. In response to paragraph 70 of the complaint, Homestead incorporates by reference each and every response from the above paragraphs, 1-69, inclusive.

71. In response to paragraph 71 of the complaint, Homestead need not either admit nor deny such allegations as this fourth claim for relief is not directed against Homestead.

72. In response to paragraph 72 of the complaint, Homestead need not either admit nor deny such allegations as this fourth claim for relief is not directed against Homestead.

73 In response to paragraph 73 of the complaint, Homestead need not either admit nor deny such allegations as this fourth claim for relief is not directed against Homestead.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Gerling's Complaint, and the purported claims contained therein, fail to state claims upon which relief can be granted against Homestead.

### SECOND AFFIRMATIVE DEFENSE

2. Any damages or injuries allegedly incurred by Gerling were caused or contributed to in whole or in part by the acts and/or omissions of Gerling and/or persons or entities other than Homestead, and Gerling's recovery, if any, should be exclusively against such others and not against Homestead.

### THIRD AFFIRMATIVE DEFENSE

3. Any damages or injuries allegedly incurred by Gerling were caused or contributed to in whole or in part by the acts and/or omissions of Gerling and/or persons or entities other than Homestead. If there is found to be any liability or fault on the part of Homestead which in any manner or degree contributed to Gerling's alleged damages, such liability must be reduced by the comparative fault of any and all parties or persons, whether named in this action or otherwise, which contributed to Gerling's damages.

///

### FOURTH AFFIRMATIVE DEFENSE

4. The claims set forth in Gerling's Complaint are barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 337, 338, 339, 340 and 343, and each and every subdivision and subsection thereof.

### FIFTH AFFIRMATIVE DEFENSE

5. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

7. The claims asserted in the Complaint are barred in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8. The equities of Gerling are not superior to those of Homestead and are, in fact, inferior to those of Homestead. Accordingly, Gerling is not entitled to any relief as to Homestead.

### NINTH AFFIRMATIVE DEFENSE

9. Gerling has failed to take proper and reasonable steps to mitigate its damages, the existence of which is expressly denied, and any damages allegedly incurred by Gerling must be reduced to the extent of such failure to mitigate or avoid damages.

### TENTH AFFIRMATIVE DEFENSE

10. Gerling's Complaint, and each and every purported cause of action contained therein, is barred by the statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Gerling's claims, in whole or in part, are barred by the following provisions of the Homestead insurance policies issued to Jonce Thomas Construction:

///

### DEFENSE SETTLEMENTS

\* \* \*

1. **We** will have no duty to defend any **claim** or **suit** that any other insurer has a duty to defend.

\* \* \*

### CONDITIONS

7. Other Insurance

   The insurance afforded by this policy shall be excess insurance over all **underlying insurance** whether or not valid and collectible. It shall also be excess insurance over all other valid and collectible insurance not described in the Schedule A – Schedule of Underlying Insurance Policies (except other insurance purchased specifically to apply in excess of this insurance) which is available to the **Insured**, covering a loss also covered by this policy.

### TWELTH AFFIRMATIVE DEFENSE

11. Gerling's claims, in whole or in part, are barred by the application of the horizontal exhaustion rule, which, in continuing or progressive loss cases, requires the exhaustion of all implicated primary policies prior to an excess insurer having a duty to defend or indemnify the insured.

### THIRTEENTH AFFIRMATIVE DEFENSE TO ALL CAUSES OF ACTION

12. Homestead expressly reserves and does not waive its right to assert such other and further defenses as may be appropriate at trial.

CHARLSTON, REVICH & WOLLITZ LLP
Howard Wollitz

By: /s/ Howard Wollitz
_____
Howard Wollitz
Attorneys for Defendant,
Homestead Insurance Company