1  RAMIRO MORALES, Bar No. 167947
   CHRISTINE M. FIERRO, Bar No. 191660
2  RICHARD A. EGGERTH, Bar No. 99625
   MORALES FIERRO & REEVES
3  2300 Contra Costa Blvd., Suite 310
   Pleasant Hill, CA 94523
4  Telephone: (925) 288-1776
   Facsimile: (925) 288-1856
5
   Attorneys for Plaintiff
6  HDI-GERLING AMERICA INSURANCE
   COMPANY
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO

11  HDI-GERLING AMERICAN INSURANCE  )  CASE NO.: CV08-1716 PJH
    COMPANY, a New York Corporation ,  )
12                                   )
                                     )  **JOINT CASE MANAGEMENT
13           Plaintiff,              )  STATEMENT (FED. R. CIV. P. 26(f);
                                     )  CIVIL L.R. 16-9)**
14      vs.                          )
                                     )  The Honorable Phyllis J. Hamilton
15  HOMESTEAD INSURANCE COMPANY, a  )
    Pennsylvania Corporation; GREAT  )
16  AMERICAN E&S INSURANCE           )
    COMPANY, an Ohio Corporation, formerly  )
17  known as AGRICULTURAL EXCESS AND  )
    SURPLUS INSURANCE COMPANY, and  )
18  DOES 1-10,                       )
                                     )
19           Defendants.             )
                                     )
20

21

22      Pursuant to Fed. R. Civ. P. 26(f) and Civil Local Rule 16-9, this Joint Case Management

23  Statement is filed following the July 17, 2008 conference of counsel for plaintiff HDI-Gerling

24  American Insurance Company ("Gerling"), and defendants Homestead Insurance Company

25  ("Homestead") and Great American E&S Insurance Company ("Great American").

26      1. **Jurisdiction and Service:** Diversity jurisdiction resides in this Court pursuant to 28

27  United States Code sections 1332 and 2201. Venue is proper in this District under 28 United States

28  Code section 1391(a) as the events giving rise to the claims asserted in the complaint transpired in

                              1
                JOINT CASE MANAGEMENT STATEMENT

1    the Northern District of California.  There are no issues as to personal jurisdiction or venue, and no

2    parties remain to be served.

3        2.  **Facts:**  Primary insurer Gerling seeks contribution from excess insurers Homestead and

4    Great American due to their refusal to defend or indemnify the carriers' mutual insured, Jonce

5    Thomas Construction Company, Inc. ("Jonce") in two construction defect actions entitled *Emery*

6    *Bay II Associates v. Devcon Construction Incorporated, et al.*, Alameda County Superior Court

7    Case Number RG04144077, and *Chartwell HOA, et al. v. 44 Third Street, Ltd. LP, et al.*, Santa

8    Clara County Superior Court Case Number 1-03-CV-814851 (collectively "the Underlying

9    Actions") based on defendants' position that all applicable primary insurance, including the Gerling

10   policy, had to exhaust before Homestead's and Great American's policies could be accessed.

11       Gerling issued a primary policy to Jonce from June 30, 1995 to September 9, 1995.

12   Homestead issued four umbrella policies to Jonce from June 30, 1994 to June 30, 1998.  Schedule A

13   of Homestead policy UL-03641, from June 30, 1994 through June 30, 1995, identifies insurance

14   issued by "United National" as "underlying insurance."  Schedule A of Homestead policy UL-

15   04314, from June 30, 1995 to June 30, 1996, identifies insurance issued by Gerling as "underlying

16   insurance."  As of September 10, 1995, this Schedule was amended by an endorsement which

17   replaced the insurance issued by Gerling with insurance issued by "Reliance".  Gerling does not

18   seek coverage under Homestead policy UL-04314 in this action.  Schedule A of Homestead policy

19   UL-04935, from June 30, 1996 through June 30, 1997, identifies  insurance issued by "AIG" as

20   "underlying insurance."  Schedule A of Homestead policy UL-05389, from June 30, 1997 through

21   June 30, 1998, identifies insurance issued by "American Equity" as "underlying insurance."  Great

22   American issued the following four umbrella policies to Jonce from June 30, 1998 to February 6,

23   2002.:  Policy UMB 2703840, from June 30, 1998 to June 30, 1999, that identifies insurance issued

24   by "New Market" in its Schedule of Underlying Policies; Policy UMB 2703840-01, from June 30,

25   1999 to February 6, 2000, that identifies insurance issued by "New Market Underwriters Insurance

26   Company" in its Schedule of Underlying Policies; Policy UMB 2703840-02, from February 6, 2000

27   through February 6, 2001, that identifies insurance issued by "Lloyds of London" in its Schedule of

28   Underlying Policies; and Policy UMB 2703840-03 from February 6, 2001 through February 6,

1  2002, that identifies insurance issued by "Lloyds of London" in its Schedule of Underlying
2  Policies.
3      Gerling contends that each of these underlying policies exhausted prior to the settlement of
4  the Underlying Actions. Gerling further contends that upon exhaustion of those underlying policies,
5  but before exhaustion of Gerling's own primary policy, defendants had a duty to drop down and
6  provide coverage to Jonce in the Underlying Actions. Defendants refused to either defend or
7  indemnify Jonce, prior to the exhaustion of all applicable primary insurance. Thus, Gerling
8  continued to defend and ultimately indemnified Jonce in the Underlying Actions. It was only after
9  Gerling's primary policy was exhausted that defendants contributed to the settlement of the *Emery*
10  *Bay* action.
11      Defendants filed separate Fed. Rule Civ. P. 12(b)(6) motions to dismiss, asserting that they
12  had no duty to defend or indemnify until there was "horizontal exhaustion" of any and all policies in
13  all years of applicable primary insurance, including Gerling's policy. On July 11, 2008, the Court
14  issued its Order Granting In Part and Denying In Part Defendants' Motions to Dismiss. The Court
15  dismissed, with prejudice, plaintiff's claims to the extent they are based on the duty to defend, and
16  denied the motions to dismiss to the extent the claims are based on the duty to indemnify. As a
17  result of that ruling, responses to Gerling's complaint are due from defendants July 31, 2008, the
18  same day this Statement is due to be filed.
19      3. **Legal Issues:** Based on the Court's July 11, 2008 Order, Gerling's complaint asserts
20  claims for declaratory relief and contribution based only on the duty of defendants to indemnify.
21  That Order also identified various "Remaining Issues," including the following: (1) Whether the
22  absence of a duty to drop down and defend precludes the possibility of a duty to drop down and
23  indemnify; (2) Whether Homestead's "other insurance" provision applies at the primary layer, and
24  if so, whether it alters any coverage provided by the Gerling policy; and (3) Whether defendants'
25  contribution to settlement of the *Emery Bay* action imposes a duty on defendants to contribute a
26  proportionate share to the defense costs incurred by Gerling, which depends to some extent on a
27  determination of whether Gerling's defense costs were incurred prior to the settlement of the
28  litigation and prior to the exhaustion of the primary policy limits.

1    In addition, legal issues may arise from coverage defenses asserted by defendants, which are

2 unknown until defendants' answers are filed.

3    4.  **Motions:**  The only motions filed thus far are the two motions to dismiss by defendants,

4 as explained in 2, above.  There are no pending motions.  The parties anticipate that Rule 56

5 motions for summary adjudication/judgment will be filed when sufficient discovery is concluded.

6    5.  **Amendment of Pleadings:**  Answers from the defendants are due July 31, 2008.  The

7 parties do not expect further amendment to or addition of pleadings.

8    6.  **Evidence Preservation:**  The parties have taken steps to assure preservation of

9 evidence, including preventing the destruction by document-destruction programs of any relevant

10 materials, and the prevention of erasure of e-mails, voice-mails, and any other electronically-

11 recorded material.

12    7.  **Disclosures:  The parties have stipulated that their respective** Rule 26(f) initial

13 disclosures will be due on August 8, 2008.

14    8.  **Discovery:**  No discovery has yet been taken, as defendants have still to answer the

15 complaint.  The scope of anticipated discovery will be all issues of liability and damages as

16 indicated by the factual and legal issues discussed above, and the defenses raised by defendants

17 when their answers are served.

18    The parties anticipate that there may be documents withheld from production as privileged.

19 If that happens, then the following steps must be taken:  Every document withheld from production

20 on grounds of privilege must be identified in a privilege log submitted within fourteen calendar days

21 after the production of documents from which privileged documents were withheld, and must

22 identify the type of document withheld, its date of creation, who created it and the job position of

23 the creator(s), who received it and the job position of the recipient(s), and the privilege(s) claimed.

24 Documents claimed as privileged that are inadvertently produced must be so identified in a written

25 demand for their return addressed to the receiving party.  Said demand must be sent within 10 court

26 days of the claiming party's discovery of inadvertent production.  Documents so identified must be

27 returned within 10 court days of receipt of the demand, unless a motion challenging return of the

28 documents is filed within that time.

1    In addition to the initial disclosures of all parties required under Fed. R. Civ. P. 26, Gerling

2    will submit interrogatories and possibly requests for admission, and will demand production from

3    defendants of their claims and underwriting and/or policy files, as documents relevant to

4    defendants' position that their policies require horizontal exhaustion may be found or indicated in

5    those files.  Great American anticipates propounding written discovery directed at the allegations in

6    Gerling's complaint and in support of Great American's defenses.  Homestead also anticipates

7    propounding written discovery directed at the allegations in Gerling's complaint and in support of

8    Homestead's defenses.  After its review of Gerling's initial disclosures, Homestead may also

9    demand production of Gerling's claims files.

10    The parties anticipate no further need to limit or modify the discovery rules.

11    9.  **Class Actions:**  Not applicable.

12    10.  **Related Cases:**  Not applicable.

13    11.  **Relief:**  Gerling seeks reimbursement of all amounts spent by it in settlement of the

14    *Chartwell* ($425,000.00) and *Emery Bay* ($302,842) actions, totaling $727,842, because it contends

15    that none of the damages incurred in the Underlying Actions occurred in its policy period.  Gerling

16    also seeks reimbursement from defendants of Gerling's defense costs and expenses in the *Emery*

17    *Bay* action in proportion to the amounts paid by defendants to the settlement of that action.  Gerling

18    spent $148,874.80 in defending *Emery Bay*, and defendants paid $329,658 toward the $632,500

19    total settlement of that action ($164,829 from Homestead, $164,829 from Great American).  Thus,

20    Gerling seeks $77,593.30 in reimbursement of its *Emery Bay* defense costs and expenses from

21    defendants.  The grand total of what Gerling seeks, then, is $805,435.30, plus applicable attorneys

22    fees, costs, and interest.

23    Defendants contend, if liability is established, that damages should be calculated pursuant to

24    the actual terms and conditions of the respective applicable policies.  Defendants have not yet been

25    provided with a copy of Gerling's primary policy to enable a more precise calculation of damages at

26    this time.

27    12.  **Settlement and ADR:**  The parties expect that one or more motions for summary

28    judgment will be filed once adequate discovery has occurred.  Therefore, the parties agree to

1   mediate privately within 30 days of the final filing date of the parties' anticipated motions for

2   summary judgment. If that mediation fails to resolve the case, then oppositions to the MSJ's will be

3   due 14 days after the parties advise the Court that the mediation was unsuccessful. Reply briefs will

4   be due 10 days after the opposition briefs are filed and served.

5           What will constitute key discovery and possible motions will be better evaluated once

6   defendants file their answers and make clear the coverage defenses they will be asserting (but see

7   number 8, above, for certain discovery categories already identified).

8           **13. Consent to Magistrate Judge For All Purposes:** The parties do not consent to a

9   magistrate judge for all purposes.

10          **14. Other References:** At this time the case is not suitable for reference to binding

11  arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

12          **15. Narrowing of Issues:** This is a case that may be subject to dispositive motions, once

13  necessary discovery is conducted (see number 8 and 12, above).

14          **16. Expedited Schedule:** Not applicable.

15          17. **Scheduling:** The parties agree to the following discovery, pretrial, and trial dates:

16                  a.  Close of all discovery (fact and expert): April 3, 2009

17                  b.  Close of fact discovery: February 2, 2009

18                  c.  Final date to amend pleadings or add parties (without further Court order):

19                      February 2, 2009

20                  d.  Final dates for expert disclosures:

21                          i.  Initial disclosures: February 23, 2009

22                          ii. Rebuttal disclosures: March 16, 2009

23                  e.  Final date to file dispositive motions: May 4, 2009

24                          i.  Deadline to complete mediation: June 3, 2009

25                          ii. Oppositions briefs: if necessary, 14 days after advising Court that ADR

26                              was unsuccessful

27                          iii. Reply briefs: 10 days after opposition briefs are filed

28                  f.  Final date to hear dispositive motions: July 15, 2009

1      g.  Pretrial conference:  August 14, 2009

2      h.  Trial:  October 12, 2009

3      18.  **Trial:**  Gerling made a demand for jury trial in its complaint.  Should the matter go to

4  trial, the parties anticipate a trial length of 7 days.

5      **19.  Disclosure of Non-party Interested Entities or Persons**:  Gerling filed its Disclosure

6  of Non-Party Interested Entities or Persons on June 26, 2008, and restates here that Gerling is a

7  wholly-owned subsidiary of Gerling America Insurance Company.  Great American filed its

8  Disclosure Statement Pursuant to FRCP 7.1 on May 28, 2008, and restates here that Great American

9  is a wholly-owned subsidiary of Great American Insurance Company.  Homestead filed its

10  Corporate Disclosure Statement July 18, 2008, and restates here that the ultimate parent corporation

11  of Homestead is Homestead Risk Management Corporation, and that no publicly held company

12  owns 10% or more of Homestead's stock.

13      20.  The parties have no other suggestions to facilitate the just, speedy and inexpensive

14  disposition of this matter at this time.

15  DATED: July 31, 2008                  MORALES, FIERRO & REEVES

16

17

18                                By:  _____

19                                Richard A. Eggerth
                                  Attorneys for Plaintiff
20                                HDI-GERLING AMERICA INSURANCE
                                  COMPANY
21

22  DATED: July 31, 2008                  CHARLSTON, REVICH & WOLLITZ LLP

23

24

25                                By:  _____

                                  Howard Wollitz
26                                Attorneys for Defendant
                                  HOMESTEAD INSURANCE COMPANY
27

28

---

7

JOINT CASE MANAGEMENT STATEMENT

1        g.  Pretrial conference:  August 14, 2009

2        h.  Trial:  October 12, 2009

3        **18. Trial:**  Gerling made a demand for jury trial in its complaint.  Should the matter go to

4    trial, the parties anticipate a trial length of 7 days.

5        **19. Disclosure of Non-party Interested Entities or Persons**:  Gerling filed its Disclosure

6    of Non-Party Interested Entities or Persons on June 26, 2008, and restates here that Gerling is a

7    wholly-owned subsidiary of Gerling America Insurance Company.  Great American filed its

8    Disclosure Statement Pursuant to FRCP 7.1 on May 28, 2008, and restates here that Great American

9    is a wholly-owned subsidiary of Great American Insurance Company.  Homestead filed its

10   Corporate Disclosure Statement July 18, 2008, and restates here that the ultimate parent corporation

11   of Homestead is Homestead Risk Management Corporation, and that no publicly held company

12   owns 10% or more of Homestead's stock.

13       **20.**  The parties have no other suggestions to facilitate the just, speedy and inexpensive

14   disposition of this matter at this time.

15   DATED: July 31, 2008          MORALES, FIERRO & REEVES

16

17

18                       By: _____

19                          Richard A. Eggerth
                            Attorneys for Plaintiff

20                          HDI-GERLING AMERICA INSURANCE
                            COMPANY

21

22   DATED: July 31, 2008          CHARLSTON, REVICH & WOLLITZ LLP

23

24

25                       By: _____
                            Howard Wollitz

26                          Attorneys for Defendant
                            HOMESTEAD INSURANCE COMPANY

27

28

                           7

1 | DATED: July 31, 2008                    DUANE MORRIS LLP

2

3

4                                           By: _Robert M. Fineman_

5                                           Robert M. Fineman
                                            Attorneys for Defendant
6                                           GREAT AMERICAN E&S INSURANCE
                                            COMPANY
7

8

9

10   S:\Docs\GA5105\JOINT CMC STATEMENT (final).rae.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28