1  Peter J. Whalen SBN 130041
   Robert M. Fineman SBN 188211
2  Terrance J. Evans SBN 227671
   **DUANE MORRIS LLP**
3  One Market, Spear Tower, Suite 2000
   San Francisco, CA 94105-1104
4  Telephone: 415.957.3000
   Facsimile: 415.957.3001
5  E-Mail:    pjwhalen@duanemorris.com
              rmfineman@duanemorris.com
6              tjevans@duanemorris.com

7  Attorneys for Defendant,
   Great America E&S Insurance Company, an Ohio
8  Corporation, fka AGRICULTURAL EXCESS AND
   SURPLUS INSURANCE COMPANY
9
                **IN THE UNITED STATES DISTRICT COURT**
10
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12
   HDI-GERLING AMERICA INSURANCE          Case No.: CV-08-1716
13 COMPANY, a New York Corporation,
                                          **ANSWER TO HDI-GERLING**
14              Plaintiff,                **AMERICA INSURANCE COMPANY'S**
                                          **COMPLAINT FOR DECLARATORY**
15     v.                                 **RELIEF AND CONTRIBUTION**

16 HOMESTEAD INSURANCE COMPANY, an
   Pennsylvania Corporation; GREAT AMERICA Complaint Filed:    March 31, 2008
17 E&S INSURANCE COMPANY, an Ohio
   Corporation, formerly known as AGRICULTURAL
18 EXCESS AND SURPLUS INSURANCE
   COMPANY, and DOES 1-10,
19
                Defendants.
20

21

22         Defendant, Great American E&S Insurance Company, f.k.a. Agricultural Excess and

23 Surplus Insurance Co. ("Great American") answers the Complaint by Plaintiff, HDI-Gerling

24 American Insurance Company ("Gerling") as follows:

25                        **JURISDICTION AND VENUE**

26         1.     Great American lacks knowledge or information sufficient to form a belief as to the

27 truth of the allegations in paragraph 1, and on that basis denies the same.

28 ///

DM1\1368269.2
ANSWER TO HDI-GERLING AMERICA INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF
AND CONTRIBUTION                                                  CASE NO.: CV-08-1716

2.    The allegations in paragraph 2 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies the same.

3.    Great American Defendant Great American E&S Insurance Company is a wholly owned subsidiary of Great American Insurance Company with its principal place of business in Ohio. Great American denies the remainder of the allegations in paragraph 3.

4.    Paragraph 4 alleges conclusions of law and not allegations of fact and therefore does not call for a response. To the extent a response is required, Great American admits paragraph 4.

5.    Paragraph 5 alleges conclusions of law and not allegations of fact and therefore does not call for a response. To the extent a response is required, Great American admits paragraph 5.

**GENERAL ALLEGATIONS**

6.    Great American admits paragraph 6.

7.    Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies the same.

8.    Great American admits that Jonce Thomas was a defendant in the Underlying Actions and that it tendered its defense and indemnity to Gerling. Great American lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8, and on that basis denies the same.

9.    Great American admits that Jonce Thomas was an insured under the Gerling policy. Great American lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 9, and on that basis denies the same.

10.   The allegations in paragraph 10 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American admits that Homestead issued certain insurance policies to Jonce Thomas. Great American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and on that basis denies the same.

///

11.    The allegations in paragraph 11 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies the same.

12.    The allegations in paragraph 12 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies the same.

13.    The allegations in paragraph 13 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies the same.

14.    The allegations in paragraph 14 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies the same.

15.    The allegations in paragraph 15 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies the same.

16.    The allegations in paragraph 16 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the same.

17.    Paragraph 17 alleges conclusions of law and not allegations of fact and therefore does not call for a response. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies the same.

ANSWER TO HDI-GERLING AMERICA INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF
AND CONTRIBUTION                                                    CASE NO.: CV-08-1716

18.    Paragraph 18 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies the same.

19.    Paragraph 19 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies the same.

20.    Great American admits paragraph 20.

21.    Great American admits paragraph 21 to the extent it purports to quote a portion of the language of the Great American Policies.  Great American denies the remainder of the allegations in paragraph 21.

22.    Great American admits paragraph 22.

23.    Great American denies paragraph 23.

24.    Great American denies paragraph 24.

25.    Great American denies paragraph 25.

26.    Great American denies paragraph 26.

27.    Paragraph 27 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies the same.

28.    Paragraph 28 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies the same.

29.    The allegations in paragraph 29 purport to only apply to defendant Homestead Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do not require a response from Great American.  To the extent a response is required, Great American

1    lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

2    paragraph 29, and on that basis denies the same.

3         30.    Great American denies paragraph 30.

4         31.    The allegations in paragraph 31 purport to only apply to defendant Homestead

5    Insurance Company and therefore do not require a response from Great American.  To the extent a

6    response is required, Great American lacks knowledge or information sufficient to form a belief as to

7    the truth of the allegations in paragraph 31, and on that basis denies the same.

8         32.    The allegations in paragraph 32 purport to only apply to defendant Homestead

9    Insurance Company and therefore do not require a response from Great American.  To the extent a

10   response is required, Great American lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations in paragraph 32, and on that basis denies the same.

12        33.    The allegations in paragraph 33 purport to only apply to defendant Homestead

13   Insurance Company and therefore do not require a response from Great American.  To the extent a

14   response is required, Great American lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations in paragraph 33, and on that basis denies the same.

16        34.    The allegations in paragraph 34 purport to only apply to defendant Homestead

17   Insurance Company and therefore do not require a response from Great American.  To the extent a

18   response is required, Great American lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations in paragraph 34, and on that basis denies the same.

20        35.    The allegations in paragraph 35 purport to only apply to defendant Homestead

21   Insurance Company and therefore do not require a response from Great American.  To the extent a

22   response is required, Great American lacks knowledge or information sufficient to form a belief as to

23   the truth of the allegations in paragraph 35, and on that basis denies the same.

24        36.    The allegations in paragraph 36 purport to only apply to defendant Homestead

25   Insurance Company and therefore do not require a response from Great American.  To the extent a

26   response is required, Great American lacks knowledge or information sufficient to form a belief as to

27   the truth of the allegations in paragraph 36, and on that basis denies the same.

28   ///

37.    The allegations in paragraph 37 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies the same.

38.    Great American admits that the Emery Bay Action settled in or around September 2006. Great American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis denies the same.

39.    Paragraph 39 alleges conclusions of law and not allegations of fact and therefore does not call for a response. To the extent a response is required, Great American denies the allegations in paragraph 39.

40.    Great American denies paragraph 40.

41.    Paragraph 41 alleges conclusions of law and not allegations of fact and therefore does not call for a response. To the extent a response is required, Great American denies the allegations in paragraph 41.

42.    Great American admits paragraph 42.

43.    Great American admits that Gerling contributed $425,000 toward the settlement of the Chartwell Action and denies the remaining allegations in paragraph 43.

44.    Great American denies paragraph 44.

45.    Great American denies paragraph 45.

46.    The allegations in paragraph 46 purport to only apply to defendant Homestead Insurance Company and therefore do not require a response from Great American. To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies the same.

47.    Great American admits that the Emery Bay Action settled in or around September 2006 and that Gerling contributed $302,842 toward the settlement of the Emery Bay Action and denies the remaining allegations in paragraph 47.

48.    Great American denies paragraph 48.

///

49.    The allegations in paragraph 49 purport to only apply to defendant Homestead Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do not require a response from Great American.  To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and on that basis denies the same.

50.    Great American denies paragraph 49.

### INTRADISTRICT ASSIGNMENT

51.    Great American realleges its admissions and denials of paragraphs 1-50 above as though fully set forth herein as its response to paragraph 51.

52.    Paragraph 52 alleges conclusions of law and not allegations of fact therefore does not require a response from Great American.

53.    The allegations in paragraph 53 purport to only apply to defendant Homestead Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do not require a response from Great American.  To the extent a response is required, Great American admits that the Emery Bay Action was venued in Alameda County Superior Court.  Great American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and on that basis denies the same.

### FIRST CAUSE OF ACTION
### DECLARATORY RELIEF
### (AGAINST HOMESTEAD)

54.    Great American realleges its admissions and denials of paragraphs 1-53 above as though fully set forth herein as its response to paragraph 54.

55.    The allegations in paragraph 55 purport to only apply to defendant Homestead Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do not require a response from Great American.  To the extent a response is required, Great American lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and on that basis denies the same.

56.    The allegations in paragraph 56 purport to only apply to defendant Homestead Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do

1  not require a response from Great American.  To the extent a response is required, Great American

2  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

3  paragraph 56, and on that basis denies the same.

4          57.    The allegations in paragraph 57 purport to only apply to defendant Homestead

5  Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do

6  not require a response from Great American.  To the extent a response is required, Great American

7  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

8  paragraph 57, and on that basis denies the same.

9          58.    The allegations in paragraph 58 purport to only apply to defendant Homestead

10  Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do

11  not require a response from Great American.  To the extent a response is required, Great American

12  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

13  paragraph 58, and on that basis denies the same.

14          59.    The allegations in paragraph 59 purport to only apply to defendant Homestead

15  Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do

16  not require a response from Great American.  To the extent a response is required, Great American

17  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

18  paragraph 59, and on that basis denies the same.

19                          **SECOND CAUSE OF ACTION**
                            **DECLARATORY RELIEF**
20                          **(AGAINST GREAT AMERICAN)**

21          60.    Great American realleges its admissions and denials of paragraphs 1-59 above as

22  though fully set forth herein as its response to paragraph 60.

23          61.    Paragraph 61 alleges conclusions of law and not allegations of fact and therefore does

24  not call for a response.  To the extent a response is required, Great American denies paragraph 61

25  and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend,

26  such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion

27  to Dismiss with respect to the duty to defend.

28  ///

62.     Paragraph 62 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American denies paragraph 62 and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend, such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion to Dismiss with respect to the duty to defend.

63.     Paragraph 63 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American denies paragraph 63 and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend, such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion to Dismiss with respect to the duty to defend.

64.     Paragraph 64 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American denies paragraph 64 and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend, such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion to Dismiss with respect to the duty to defend.

65.     Paragraph 65 alleges conclusions of law and not allegations of fact and therefore does not call for a response.  To the extent a response is required, Great American denies paragraph 65 and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend, such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion to Dismiss with respect to the duty to defend.

**THIRD CAUSE OF ACTION**
**CONTRIBUTION**
**(AGAINST HOMESTEAD)**

66.     Great American realleges its admissions and denials of paragraphs 1-65 above as though fully set forth herein as its response to paragraph 66.

67.     The allegations in paragraph 67 purport to only apply to defendant Homestead Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do not require a response from Great American.  To the extent a response is required, Great American

///

1  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

2  paragraph 67, and on that basis denies the same.

3      68.    The allegations in paragraph 68 purport to only apply to defendant Homestead

4  Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do

5  not require a response from Great American.  To the extent a response is required, Great American

6  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

7  paragraph 68, and on that basis denies the same.

8      69.    The allegations in paragraph 69 purport to only apply to defendant Homestead

9  Insurance Company and otherwise allege conclusions of law and not allegations of fact therefore do

10 not require a response from Great American.  To the extent a response is required, Great American

11 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

12 paragraph 69, and on that basis denies the same.

13              **FOURTH CAUSE OF ACTION**
                **CONTRIBUTION**
14          **(AGAINST GREAT AMERICAN)**

15     70.    Great American realleges its admissions and denials of paragraphs 1-69 above as

16 though fully set forth herein as its response to paragraph 70.

17     71.    Paragraph 71 alleges conclusions of law and not allegations of fact and therefore does

18 not call for a response.  To the extent a response is required, Great American denies paragraph 71

19 and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend,

20 such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion

21 to Dismiss with respect to the duty to defend.

22     72.    Paragraph 72 alleges conclusions of law and not allegations of fact and therefore does

23 not call for a response.  To the extent a response is required, Great American denies paragraph 72

24 and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend,

25 such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion

26 to Dismiss with respect to the duty to defend.

27     73.    Paragraph 73 alleges conclusions of law and not allegations of fact and therefore does

28 not call for a response.  To the extent a response is required, Great American denies paragraph 73

1  and further states that to the extent Gerling's Second Cause of Action pertains to the duty to defend,

2  such action is barred pursuant to the Court's July 11, 2008 Order Granting Great American's Motion

3  to Dismiss with respect to the duty to defend.

4                                    **AFFIRMATIVE DEFENSES**

5          Great American asserts the following affirmative defenses to the Complaint.  Great American

6  will add affirmative defenses justified by discovery and withdraw defenses if discovery supports

7  withdrawal of defenses. Great American does not concede, by including certain defenses herein, that

8  any applicable burden of proof is assumed by Great American, or that any affirmative defense herein

9  constitutes an admission.   Great American reserves the right to assert additional affirmative

10  defenses, counterclaims, cross-claims, or institute third-party actions that are appropriate as

11  investigation and discovery proceed.

12                                              74.

13                               **FIRST AFFIRMATIVE DEFENSE**

14                                    **(Failure to State Claim)**

15         For its FIRST AFFIRMATIVE DEFENSE, Great American alleges that Plaintiffs' complaint

16  and each claim for relief thereof fails to state facts sufficient to constitute a valid claim for relief.

17                                              75.

18                              **SECOND AFFIRMATIVE DEFENSE**

19                                       **(Policy Terms)**

20         For its SECOND AFFIRMATIVE DEFENSE, Great American alleges that coverage under

21  the Great American Policies issued to the insured, if any, is subject to the terms, conditions,

22  limitations, exclusions and endorsements in the Great American Policies, including, but not limited

23  to, the Limits of Insurance provisions and Other Insurance condition.

24  ///

25  ///

26  ///

27  ///

28

ANSWER TO HDI-GERLING AMERICA INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF
AND CONTRIBUTION                                                        CASE NO.: CV-08-1716

### THIRD AFFIRMATIVE DEFENSE

#### (Horizontal Exhaustion)

For its THIRD AFFIRMATIVE DEFENSE, Great American alleges that there is no duty to drop down and indemnify under the Great American Policies for the Underlying Actions to the extent that there is no duty to drop down and defend the Underlying Actions pursuant to the rule of horizontal exhaustion and to the extent that exhaustion of all applicable primary insurance is not established.

76.

### FOURTH AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

For its FOURTH AFFIRMATIVE DEFENSE, Great American alleges that the claims asserted by Gerling may be barred in whole or in part by the doctrines of unclean hands, !aches, waiver and/or estoppel.

77.

### FIFTH AFFIRMATIVE DEFENSE

#### (Defense Costs Incurred Prior to Exhaustion)

For its FIFTH AFFIRMATIVE DEFENSE, Great American alleges that there is no coverage under the Great American Policies to the extent that Gerling incurred any defense costs it seeks to recover prior to the settlement of the Underlying Actions and prior to the exhaustion of all applicable primary insurance.

78.

### SIXTH AFFIRMATIVE DEFENSE

#### (Tender of Defense and Indemnity)

For its SIXTH AFFIRMATIVE DEFENSE, Great American alleges that there is no coverage under the Great American Policies to the extent that the defense and/or indemnity of the Underlying Actions was never tendered to Great American.

///

DM1\1368269.2

12

ANSWER TO HDI-GERLING AMERICA INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION                                                                 CASE NO.: CV-08-1716

## SEVENTH AFFIRMATIVE DEFENSE

### (Voluntary Payments)

For its SEVENTH AFFIRMATIVE DEFENSE, Great American alleges that there is no coverage under the Great American Policies to the extent that Gerling paid any amounts to defend and/or settle the Underlying Actions as a volunteer.

79.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior Insurance)

For its EIGHTH AFFIRMATIVE DEFENSE, Great American alleges that there is no coverage under the Great American to the extent that any loss covered by the Great American Policies is also covered in whole or in part under any other policy issued to the Insured prior to the effective dates of the Great American Policies.

80.

## NINTH AFFIRMATIVE DEFENSE

### (Non-Covered Damages)

For its NINTH AFFIRMATIVE DEFENSE, Great American alleges that there is no indemnity coverage under the Great American Policies to the extent amounts paid in settlement by Gerling are attributable to amounts that are not within the scope of coverage of the Great American Policies or otherwise amounts that the insured was legally obligated to pay.

81.

## TENTH AFFIRMATIVE DEFENSE

### (Pre Existing Damage)

For its TENTH AFFIRMATIVE DEFENSE, Great American alleges that there is no coverage under the Great American Policies to the extent that any property damage for which recovery is sought first became apparent to any person prior to the effective dates of the Great American Policies regardless of whether there is repeated or continued exposure during the periods of the Great American Policies or whether the damage continues during the periods of the Great American Policies.

82.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Your Work Exclusion)**

For its ELEVENTH AFFIRMATIVE DEFENSE, Great American alleges that there is no indemnity coverage under the Great American Policies to the extent that any amounts paid in settlement by Gerling for the Underlying Actions are precluded from coverage under the "your work" exclusion in the Great American Policies.

83.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unimpaired Aggregates)**

For its TWELFTH AFFIRMATIVE DEFENSE, Great American alleges that there is no coverage under the Great American Policies unless that the underlying aggregate limits of all "underlying insurance" to the Great American Policies were exhausted by "occurrences" taking place during the respective periods of the Great American Policies

84.

**THIRTEENTH  AFFIRMATIVE DEFENSE**

**(No Waiver as to All Causes of Action)**

For its THIRTEENTH AFFIRMATIVE DEFENSE, Great American expressly reserves and does not waive its right to assert such other and further defenses as may be appropriate at trial.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, and Defendant Great American having answered and stated its Affirmative Defenses, defendant prays for relief by way of dismissing plaintiff's Complaint against Great American with prejudice and awarding Great American its costs incurred in this action as well as granting Great American such other and further relief as the court deems just and appropriate.

///

///

///

1   Dated: July 31, 2008                         **DUANE MORRIS** LLP

2
                                    By:    _____/s/ *Robert M. Fineman*_____
3                                          Peter J. Whalen
                                           Robert M. Fineman
4                                          Terrance J. Evans
                                           Attorneys for Defendant,
5                                          Great America E&S Insurance Company, an Ohio
                                           Corporation, fka AGRICULTURAL EXCESS AND
6                                          SURPLUS INSURANCE COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DM1\1368269.2                              15
ANSWER TO HDI-GERLING AMERICA INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF
AND CONTRIBUTION                                                    CASE NO.: CV-08-1716