RAMIRO MORALES, Bar No. 167947
CHRISTINE M. FIERRO, Bar No. 191660
RICHARD A. EGGERTH, Bar No. 99625
MORALES FIERRO & REEVES
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, CA  94523
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Plaintiff
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| GERLING AMERICAN INSURANCE COMPANY, a New York Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HOMESTEAD INSURANCE COMPANY, a Pennsylvania Corporation; GREAT AMERICAN E&S INSURANCE COMPANY, an Ohio Corporation, formerly known as AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, and DOES 1-10, <br><br> Defendants. | CASE NO.: CV08-1716 PJH <br><br> **STIPULATION AND [PROPOSED] ORDER TO FILE AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that plaintiff may file an Amended Complaint, a copy of which is attached hereto.  The only difference from the amended complaint to the original complaint is to change plaintiff's name from "HDI-Gerling America Insurance Company" to "Gerling America Insurance Company," as the caption of this stipulated order is changed.

IT IS FURTHER STIPULATED that defendants waive notice and service of the amended complaint and shall not be required to answer the amendment, and that all denials, responses and

affirmative defenses contained in the answers filed defendants to the original complaint shall be responsive to the amended complaint.

DATED: October 17, 2008

MORALES, FIERRO & REEVES

_____
Richard A. Eggerth
Attorneys for Plaintiff
GERLING AMERICA INSURANCE COMPANY

DATED: October 16, 2008

DUANE MORRIS LLP

_____
Robert M. Fineman
Attorneys for Defendant
GREAT AMERICAN E&S INSURANCE COMPANY

DATED: October 14, 2008

CHARLSTON REVICH & WOLLITZ LLP

_____
Howard Wollitz
Attorneys for Defendant
HOMESTEAD INSURANCE COMPANY

[~~PROPOSED~~] ORDER

Plaintiff may file the Amended Complaint attached to this stipulated Order.

IT IS SO ORDERED.

Dated: 10/22/08

_____
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton

2
STIPULATION AND [PROPOSED] ORDER TO FILE AMENDED COMPLAINT

RAMIRO MORALES, SBN 167947
CHRISTINE M. FIERRO, SBN 191660
RICHARD A. EGGERTH, SBN 99625
MORALES, FIERRO & REEVES
2300 Contra Costa Blvd., Ste. 310
Pleasant Hill, California 94523
Telephone: (925) 288-1776

Attorneys for Plaintiff
GERLING AMERICA INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERLING AMERICA INSURANCE COMPANY, a New York Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HOMESTEAD INSURANCE COMPANY, an Pennsylvania Corporation; GREAT AMERICAN E&S INSURANCE COMPANY, an Ohio Corporation, formerly known as AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | CASE NO.: CV08-1716 PJH<br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION**<br>(DEMAND FOR JURY TRIAL) |

Plaintiff, Gerling America Insurance Company ("Gerling"), alleges as follows:

**JURISDICTION AND VENUE**

1.   At all times relevant herein, Gerling was and is an insurance company organized under and by virtue of the laws of the State of New York, authorized to conduct business as an insurer in the State of California. Gerling is a resident of and incorporated in New York and has its principal place of business in New York.

2.   Gerling is informed and believes, and on that basis alleges, that Defendant Homestead Insurance Company (hereinafter "Homestead") was and is an insurance company organized under and by virtue of the laws of the State of Pennsylvania, conducting business as an insurer in the State of California. Gerling is informed and believes, and on that basis alleges, that

1  Homestead is a resident of and incorporated in Pennsylvania and has its principal place of business
2  in Pennsylvania.

3    3.    Gerling is informed and believes, and on that basis alleges, that Defendant
4  Agricultural Excess and Surplus Insurance Company (hereinafter, "Agricultural") underwent a name
5  change to Great American E&S Insurance Company on or about July 27, 2000. Both entities are
6  referred to hereinafter as "Great American." Gerling is informed and believes, and on that basis
7  alleges, that Great American was and is an insurance company organized under and by virtue of the
8  laws of the State of Delaware, conducting business as an insurer in the state of California. Gerling
9  is informed and believes, and on that basis alleges, that Great American is a resident of Delaware,
10 and has its principal place of business in Ohio.

11    4.    The matter in controversy between Gerling and the Defendants, exclusive of interest
12 and costs, exceeds seventy-five thousand dollars. Gerling is also seeking declaratory relief. Gerling
13 and Defendants are citizens of diverse jurisdictions. Accordingly, this matter is properly subject to
14 the jurisdiction of this Court under 28 United States Code sections 1332 and 2201.

15    5.    Venue of this matter is proper in the Northern District of California under 28 United
16 States Code section 1391(a) because the events giving rise to this coverage claim transpired in the
17 Northern District.

## GENERAL ALLEGATIONS

19    6.    This insurance coverage action arises from the construction defect actions entitled
20 *Emery Bay II Associates v. Devcon Construction Incorporated, et al.*, Alameda County Superior
21 Court Case Number RG04144077 (the "Emery Bay Action"), and *Chartwell HOA, et al. v. 44 Third*
22 *Street, Ltd. LP, et al.*, Santa Clara County Superior Court Case Number 1-03-CV-814851 (the
23 "Chartwell Action") (collectively "the Underlying Actions").

24    7.    At all time relevant herein, Jonce Thomas Construction Company, Inc. (hereinafter,
25 "Jonce"), was a licensed contractor in the business of building construction, whose primary place of
26 business is 3390 Seldon Court, Fremont, Alameda County, CA.

27    8.    Jonce was named as a defendant in the Underlying Actions and tendered its defense
28 and indemnity to various insurance companies, including Gerling.

9. Gerling's predecessor company, Gerling America Insurance Company, issued general liability insurance, policy number 8020350GLP, effective June 30, 1995 through September 9, 1995 (hereinafter "the Gerling policy"), under which Jonce is an insured.

10. Homestead issued policy number UL-03641, effective June 30, 1994 through June 30, 1995, policy number UL-04314, effective June 30, 1995 through June 30, 1996, policy number UL-04935, effective June 30, 1996 through June 30, 1997, and policy number UL-05389, effective June 30, 1997 through June 30, 1998 (hereinafter "the Homestead Policies"), under which Jonce is an insured.

11. The Homestead Policies are excess over "underlying insurance," as that term is defined by the Homestead Policies. The Homestead Policies state:

> Coverage A Excess Liability Insurance (Following Form)
>
> Coverage A is excess insurance and follows the underlying insurance except as otherwise stated in this policy.
>
> 1. We will pay those sums the insured must legally pay as damages because of bodily injury, property damage, personal injury, or advertising injury, caused by an occurrence which occurs during the policy period of this policy in excess of the sums payable as damages in the underlying insurance or would have been payable but for the exhaustion of the applicable limit of insurance.

12. The Homestead Policies define "underlying insurance" as "the insurance policies listed in Schedule A – Schedule of Underlying Insurance Policies, including any renewals or replacements thereof which provide the underlying coverages and limits stated in Schedule A – Schedule of Underlying Insurance Policies . . . ."

13. Schedule A of Homestead policy number UL-03641 identifies commercial general liability coverage issued by "United National" as "underlying insurance."

14. Schedule A of Homestead policy number UL-04314 identifies commercial general liability coverage issued by Gerling as "underlying insurance."

15. Schedule A of Homestead policy number UL-04935 identifies commercial general liability coverage issued by "AIG" as "underlying insurance."

16. Schedule A of Homestead policy number UL-05389 identifies commercial general liability coverage issued by "American Equity" as "underlying insurance."

17. Commercial general liability coverage issued by United National to Jonce exhausted the limits of coverage which would have otherwise been available to pay losses associated with the Underlying Actions, prior to settlement of the Underlying Actions.

18. Commercial general liability coverage issued by AIG to Jonce exhausted the limits of coverage which would have otherwise been available to pay losses associated with the Underlying Actions, prior to settlement of the Underlying Actions.

19. Commercial general liability coverage issued by American Equity to Jonce exhausted the limits of coverage which would have otherwise been available to pay losses associated with the Underlying Actions, prior to settlement of the Underlying Actions.

20. Agricultural issued policy number UMB 2703840, effective June 30, 1998 through June 30, 1999, policy number UMB 2703840-01, effective June 30, 1999 through February 6, 2000, and policy number UMB 2703840-02, effective February 6, 2000 through February 6, 2001, under which Jonce is an insured. Great American issued policy number UMB 2703840-03, effective February 6, 2001 through February 6, 2002, under which Jonce is an insured. Collectively, all these policies are referred to hereinafter as the "Great American Policies."

21. The Great American Policies are excess over a "Retained Limit," as that term is defined in the policies. The policies state:

> We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" that the "insured" becomes legally obligated to pay by reason of liability imposed by law or assumed by the "insured" under an "insured contract" because of "bodily injury," "property damage," "personal injury," or "advertising injury" that takes place during the Policy Period and is caused by an "occurrence" happening anywhere.

22. The Great American Policies define "Retained Limit" as:

> the greater of: 1. the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other insurance providing coverage to the "Insured" during the Policy Period; or 2. the amount stated in the Declarations as Self-Insured Retention as a result of any one "occurrence" not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other insurance providing coverage to the "Insured" during the Policy Period.

23. Agricultural policy number UMB 2703840 identifies commercial general liability coverage issued by "New Market" in the Schedule of Underlying Insurance and states that $10,000 is the amount of the Retained Limit.

24. Agricultural policy number UMB 2703840-01 identifies commercial general liability coverage issued by "Newmarket Underwriters Insurance Company" (policy number NMG001027) in the Schedule of Underlying Insurance and states that $10,000 is the amount of the Retained Limit.

25. Agricultural policy number UMB 2703840-02 identifies commercial general liability coverage issued by "Lloyds of London" in the Schedule of Underlying Insurance and states that $10,000 is the amount of the Retained Limit.

26. Great American policy number UMB 2703840-03 identifies commercial general liability coverage issued by "Lloyds of London" in the Schedule of Underlying Insurance and states that $10,000 is the amount of the Retained Limit.

27. Commercial general liability coverage issued by "New Market" and "Newmarket" to Jonce exhausted the limits of coverage which would have otherwise been available to pay losses associated with the Underlying Actions, prior to settlement of the Underlying Actions.

28. Commercial general liability coverage issued by "Lloyds of London" to Jonce exhausted the limits of coverage which would have otherwise been available to pay losses associated with the Underlying Actions, prior to settlement of the Underlying Actions.

29. Gerling is informed and believes, and on that basis alleges, that Jonce performed all conditions giving rise to Homestead's obligation to defend and indemnify Jonce with regard to the Underlying Actions. Alternatively, Jonce has been excused from performing any conditions giving rise to Homestead's obligations under the Homestead Policies.

30. In the Underlying Actions, the plaintiffs alleged that various defects in the construction of the dwellings caused property damage during Homestead's and Great American's respective policy periods.

31. Gerling requested that, pursuant to the Homestead Policies, Homestead defend and indemnify Jonce in the Chartwell Action.

32. Homestead refused to defend and indemnify Jonce in the Chartwell Action, despite its obligation to do so under the Homestead Policies, solely because Homestead alleged its four years of coverage was excess to the single year coverage provided under the Gerling Policy.

33. Prior to settlement, Homestead demanded that Gerling settle the claims against Jonce in the Chartwell Action, as Homestead alleged that the claims alleged in the Chartwell Action were covered under the Gerling Policy and that all Homestead coverage was excess to the coverage provided by Gerling.

34. Due to an impending trial date and Homestead's repeated refusal to contribute toward settlement, Gerling alone settled claims against Jonce in the Chartwell Action under a full reservation of rights. Gerling contributed $425,000 toward a settlement in the Chartwell Action on behalf of Jonce, thereby resolving all claims against Jonce raised in that action.

35. Gerling requested that, pursuant to the Homestead Policies, Homestead defend and indemnify Jonce in the Emery Bay Action.

36. Homestead refused to defend Jonce in the Emery Bay Action and contributed to the settlement of the action only for amounts exceeding the remaining policy limits of the Gerling Policy because Homestead alleged its four years of coverage was excess to the single year of coverage provided under the Gerling policy.

37. Homestead demanded that Gerling contribute the remainder of the applicable limits of coverage under the Gerling Policy to resolve the claims against Jonce in the Emery Bay Action.

38. The Emery Bay Action settled in or around September, 2006. Under a full reservation of rights, Gerling agreed to contribute, on behalf of Jonce, the remainder of its applicable limits under the Gerling policy in order to resolve claims against Jonce in the Emery Bay Action. Accordingly, Gerling contributed $302,842 on behalf of Jonce.

39. Gerling is informed and believes, and on that basis alleges, that Jonce performed all conditions giving rise to Great American's obligation to defend and indemnify Jonce with regard to the Underlying Actions. Alternatively, Jonce has been excused from performing any conditions giving rise to Great American's obligations under the Great American Policies.

40. Gerling requested that, pursuant to the Great American Policies, Great American defend and indemnify Jonce with regard to the Chartwell Action.

41. Great American refused to defend and indemnify Jonce in the Chartwell Action, despite its obligation to do so under the Great American Policies, solely because Great American

alleged its five years of coverage was excess to the single year of coverage provided under the Gerling policy.

42. Prior to settlement, Great American demanded that Gerling settle the claims against Jonce in the Chartwell Action, as Great American alleged that the claims alleged in the Chartwell Action were covered under the Gerling Policy and that the Great American coverage was excess to the coverage provided by Gerling.

43. Due to an impending trial date and Great American's repeated refusal to contribute toward settlement, Gerling alone settled claims against Jonce in the Chartwell Action under a full reservation of rights. Gerling contributed $425,000 toward a settlement in the Chartwell Action on behalf of Jonce, thereby resolving all claims against Jonce raised in that action.

44. Gerling requested that, pursuant to the Great American Policies, Great American defend and indemnify Jonce in the Emery Bay Action.

45. Great American refused to defend Jonce in the Emery Bay Action and contributed to the settlement of the action only for amounts exceeding the remaining policy limits of the Gerling policy because Great American alleged its five years of coverage was excess to the single year of coverage provided under the Gerling policy.

46. Homestead demanded that Gerling contribute the remainder of the applicable limits of coverage under the Gerling Policy to resolve the claims against Jonce in the Emery Bay Action.

47. The Emery Bay Action settled in or around September, 2006. Under a full reservation of rights, Gerling agreed to contribute, on behalf of Jonce, the remainder of its applicable limits under the Gerling policy in order to resolve claims against Jonce in the Emery Bay Action. Accordingly, Gerling contributed $302,842 on behalf of Jonce. Great American demanded Gerling contribute the remainder of the applicable limits of coverage under the Gerling Policy to resolve the claims against Jonce in the Emery Bay Action.

48. The Underlying Actions settled in late 2006, and Gerling defended Jonce and indemnified Jonce for sums in relation to the settlement of the Underlying Actions, subject to a reservation of rights.

49. Homestead had an obligation to defend and indemnify Jonce in the Underlying

1  Actions pursuant to the Homestead Policies.

2  50. Great American had an obligation to defend and indemnify Jonce in the Underlying

3  Actions pursuant to the Great American Policies.

**INTRADISTRICT ASSIGNMENT**

51. Gerling incorporates paragraphs 1-50 as though fully set forth herein.

52. Pursuant to Northern District Local Rule 3-5, Gerling asserts the following bases for assignment of this case to the Oakland Division in Alameda County.

53. The insured in the insurance contracts at issue in this action, Jonce Thomas Construction Company, has a mailing address and primary place of business in Alameda County. Gerling is informed and believes that all of the insurance contracts at issue in this action were issued to Jonce in Alameda County. And one of the two Underlying Actions, the Emery Bay Action, was venued in Alameda County Superior Court, and the acts, transactions and occurrences relating to that action arose in Alameda County.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(Against HOMESTEAD)**

54. Gerling incorporates paragraphs 1 through 53 as though fully set forth herein.

55. Gerling contends that, pursuant to the terms, conditions, and endorsements of the Homestead Policies, Homestead had an obligation to defend and indemnify Jonce in the Underlying Actions.

56. Gerling contends that, given Homestead's obligations to Jonce, Homestead has a duty to reimburse Gerling for the sums Gerling has already incurred in providing Jonce with a defense and indemnity with regard to the Underlying Actions.

57. Gerling is informed and believes, and on that basis alleges, that Homestead denies that it had a duty to defend Jonce in the Underlying Actions, denies that it had a duty to indemnify Jonce in the Chartwell Action and denies that it had a duty to indemnify Jonce in the Emery Bay Action except to the extent that the amount required to indemnify the loss exceeded the limits of the Gerling Policy. Homestead believes it owes no duty to reimburse Gerling for sums Gerling has incurred in defending and indemnifying Jonce with regard to the Underlying Actions.

58. An actual, present and justiciable controversy has therefore arisen and now exists between Gerling and Homestead concerning the parties' respective rights, duties, and obligations as to the defense and indemnification of Jonce with regard to the Underlying Actions.

59. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations.

WHEREFORE, Gerling prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(Against GREAT AMERICAN)**

60. Gerling incorporates paragraphs 1 through 59 as though fully set forth herein.

61. Gerling contends that, pursuant to the terms, conditions, and endorsements of the Great American Policies, Great American had an obligation to defend and indemnify Jonce in connection with the Underlying Actions.

62. Gerling contends that, given Great American's obligations to Jonce, Great American has a duty to reimburse Gerling for the sums Gerling has already incurred in providing Jonce with a defense and indemnity with regard to the Underlying Actions.

63. Gerling is informed and believes, and on that basis alleges, that Great American denies that it had a duty to defend Jonce in the Underlying Actions, denies that it had a duty to indemnify Jonce in the Chartwell Action and denies that it had a duty to indemnify Jonce in the Emery Bay Action except to the extent that the amount required to indemnify the loss exceeded the limits of the Gerling Policy. Great American believes it owes no duty to reimburse Gerling for sums Gerling has incurred in defending and indemnifying Jonce with regard to the Underlying Actions.

64. An actual, present and justiciable controversy has therefore arisen and now exists between Gerling and Great American concerning the parties' respective rights, duties, and obligations as to the defense and indemnification of Jonce with regard to the Underlying Actions.

65. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations.

WHEREFORE, Gerling prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### CONTRIBUTION
### (Against HOMESTEAD)

66. Gerling incorporates paragraph 1 through 65 as though fully set forth herein.

67. Under the Homestead policies, Homestead owed Jonce a duty to defend and indemnify it with regard to the Underlying Actions. In light of this duty, Homestead owes an equitable duty to contribute to those sums Gerling incurred in defending and indemnifying Jonce with regard to the Underlying Actions.

68. Homestead breached its duty to defend and indemnify Jonce by failing to contribute its equitable share toward the defense and indemnity of Jonce with regard to the Underlying Actions.

69. As a result of the conduct of Homestead, Gerling was forced to incur sums in excess of its equitable share, all in excess of the jurisdictional limit of this Court.

WHEREFORE, Gerling prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### CONTRIBUTION
### (Against GREAT AMERICAN)

70. Gerling incorporates paragraph 1 through 69 as though fully set forth herein.

71. Under the Great American policies, Great American owed Jonce a duty to defend and indemnify it with regard to the Underlying Actions. In light of this duty, Great American owes an equitable duty to contribute to those sums Gerling incurred in defending and indemnifying Jonce with regard to the Underlying Actions.

72. Great American breached its duty to defend and indemnify Jonce by failing to contribute its equitable share toward the defense and indemnity of Jonce with regard to the Underlying Actions.

73. As a result of the conduct of Great American, Gerling was forced to incur sums in excess of its equitable share, all in excess of the jurisdictional limit of this Court.

WHEREFORE, Gerling prays for judgment as hereinafter set forth.

# PRAYER FOR RELIEF

Gerling requests trial by jury, pursuant to Fed. R. Civ. P. 38(b). In addition, Gerling requests:

As to the First Cause of Action for Declaratory Relief (Against Homestead):

1. For a declaration and determination that Homestead owed a duty to defend Jonce in the Underlying Actions;
2. For a declaration and determination that Homestead owed a duty to indemnify Jonce in the Chartwell Action;
3. For a declaration and determination that Homestead owed a duty to indemnify Jonce in the Emerybay Action prior to exhaustion of the Gerling policy;
4. For a declaration that Homestead owes a duty to reimburse Gerling for sums Gerling incurred in defending and indemnifying Jonce with regard to the Underlying Actions;
5. For all other relief the Court deems just and proper.

As to the Second Cause of Action for Declaratory Relief (Against Great American):

1. For a declaration and determination that Great American owed a duty to defend Jonce in the Underlying Actions;
2. For a declaration and determination that Great American owed a duty to indemnify Jonce in the Chartwell Action;
3. For a declaration and determination that Great American owed a duty to indemnify Jonce in the Emery Bay Action prior to exhaustion of the Gerling policy;
4. For a declaration that Great American owes a duty to reimburse Gerling for sums Gerling incurred in defending and indemnifying Jonce with regard to the Underlying Actions;
5. For all other relief the Court deems just and proper.

As to the Third Cause of Action for Contribution (Against Homestead):

1. For compensatory damages in excess of $75,000 according to proof at trial;
2. For an award of attorney's fees and costs; and
3. For all other relief the Court deems just and proper.

As to the Fourth Cause of Action for Contribution (Against Great American):

1. For compensatory damages in excess of $75,000 according to proof at trial;
2. For an award of attorney's fees and costs; and
3. For all other relief the Court deems just and proper.

Dated: October 13, 2008

MORALES, FIERRO & REEVES

By: *[signature]*
Christine M. Fierro
Attorneys for Plaintiff
GERLING AMERICA INSURANCE COMPANY

S:\DOCS\GA5105\AMENDEDCMP081013.CMF.wpd